FILED
NOV 7 - 2018
VANESSA L. ARMSTRONG
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | 3:18CR-176-DJH |
| KENNETH R. BETTS | DEFENDANT |

– *Filed electronically* –

## MOTION FOR DISTRICT COURT TO STAY RELEASE ORDER PENDING DISPOSITION OF MOTION TO REVOKE RELEASE ORDER

Comes the United States of America, by counsel, Jo E. Lawless, Assistant United States Attorney for the Western District of Kentucky, and respectfully requests the District Court to stay the anticipated release Order announced in open court on November 6, 2018, in the above-referenced case until the Court has an opportunity to review and resolve the United States' forthcoming motion to revoke said release order. The United States intends to file its motion to revoke the release order by close of business on November 8, 2018.

### Memorandum in Support

In *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009), that court noted

> [The defendant correctly argued] that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*Brigham* concerned a release order in the context of revoking a term of supervised release.

Nevertheless, the court went on to note that a number of district courts had recognized "stay" power within the context of release in the area of pretrial detention. *Id.* (citations omitted).

Moreover, the court noted that 18 U.S.C. "§ 3145(a) requires that review of a release order be determined "promptly." Hence, persons such as Brigham are protected from prolonged interim detention if a release order is later upheld by the reviewing district court." *Id.*

Certainly, the District Court has the authority to stay a release order. The United States respectfully requests the District Court exercise its authority to do so in this case until a review of the motion to revoke can be fully considered.

> Respectfully submitted,
>
> RUSSELL M. COLEMAN
> United States Attorney
>
> /s/ *Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney
> 510 West Broadway
> Louisville, Kentucky 40202
> (502) 625-7065
> (502) 582-5097 (Fax)

## Certificate of Service

I hereby certify that a copy of the foregoing was sent by electronic transmission (*i.e.*, e:mail due to the unavailability of ECF), to defense counsel on November 7, 2018.

> /s/ *Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney