UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                        PLAINTIFF

vs.                                                                                                     3:18CR-176-DJH

KENNETH R. BETTS                                                             DEFENDANT

– *Filed electronically* –

**MOTION TO REVOKE RELEASE ORDER**

Comes the United States of America, by counsel, Jo E. Lawless, Assistant United States Attorney for the Western District of Kentucky, and respectfully requests this Court to revoke the anticipated release order regarding Kenneth R. Betts pursuant to 18 U.S.C. § 3145(a)(1). A memorandum in support of the motion follows.

MEMORANDUM IN SUPPORT

Title 18, United States Code, section 3145 governs the review and appeal of a release or detention order. Subsection 3145(a)(1) provides in pertinent part as follows:

> If a person is ordered released by a magistrate judge or by a person other than a judge of a court having original jurisdiction over the offense other than a federal appellate court - (1) the attorney for the government may file with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release;
>
> . . .
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a)(1).

In the instant case, a warrant for the arrest of Betts issued on November 6, 2018. The arrest warrant issued following the return of a seven-count Indictment. The Indictment charged

Betts with the following crimes:

 (1) distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A);

 (2) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B);

 (3) three separate counts of using a facility and means of interstate commerce to persuade, induce, or entice an individual who had not attained the age of eighteen years to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b);

 (4) transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470; and

 (5) using a facility and means of interstate commerce to attempt to persuade, induce, or entice an individual who had not attained the age of eighteen years to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).

Betts appeared for an initial appearance and detention hearing on November 7, 2018. The charges contained in Counts 1, 3, 4, 6 and 7 of the Indictment triggered the statutory presumption in favor of detention. *See* 18 U.S.C. § 3142(e).

The Sixth Circuit Court of Appeals addressed the parameters of the presumption in favor of detention under the Bail Reform Act in *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Several defendants were indicted for seditious conspiracy in violation of 18 U.S.C. § 2384 (count one), attempt to use weapons of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) (count two), and two counts of carrying and using firearms during and in relation to the crimes of violence charged in counts one and two, as well as possessing firearms in furtherance of those predicate crimes of violence in violation of 18 U.S.C. § 924(c)(1) (counts four and five). *Id.* at 944. The Magistrate Judge ordered the defendants detained, but the District Court granted their release. *Id.* The United States sought a stay[1] pending resolution of

---

[1] The Sixth Circuit's approval of the stay in *Stone* is further proof of the availability for the stay

2

the merits of an appeal from that Order. *Id*. The Sixth Circuit reversed the District Court's order of release. *Id*.

In reaching its decision on the merits, the Stone court noted with approval that other circuits have found section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *Stone*, 608 F.3d 945 (quoting *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (quoting *Mercedes,* 254 F.3d at 436). Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *Stone*, 608 F.3d at 945 (quoting *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir.1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir.1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.")).

It is important to note, however, even when a defendant satisfies his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (quoting *Mercedes,* 254 F.3d at 436). The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. *Stone*, 608 F.3d at 945. Rather, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *Stone*, 608 F.3d at 945-946 (citing *United States v. Jessup,* 757 F.2d 378,

---

of detention/release orders pending further review by a higher court.

384 (1st Cir.1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir.1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions.")). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Stone*, 608 F.3d at 946 (quoting *Jessup,* 757 F.2d at 387).

During the detention hearing, the United States conceded that Betts had come forth with some evidence to rebut the presumption. As the *Stone* court noted, "regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." 608 F.3d at 946. Moreover, as noted above, the presumption remains a factor for consideration.

Despite the statutory presumption in favor of detention and over the objection of the United States, the Magistrate Judge ordered Betts released with special conditions. (DN 12). Following conclusion of the detention hearing but prior to entry of the release order, the United States filed a motion to stay execution of the anticipated release order. (DN 10).

## ARGUMENT

The United States District Court for the Western District of Kentucky at Louisville is the court of original jurisdiction over the charged offense. Accordingly, this is the proper place for

a review of the Magistrate Judge's release order. Furthermore, 18 U.S.C. § 3142(d) allows for the temporary detention of an individual to permit revocation of a conditional release.

In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court upheld the Bail Reform Act of 1984, which allowed for the pretrial detainment of arrestees. *Id*. at 750-52. The Court acknowledged the "important and fundamental nature" of an individual's interest in liberty, but emphasized that "this right may, in circumstances where the government's interest in sufficiently weighty, be subordinated to the greater need of society." *Id*. at 750-51.

According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against a person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense involving 18 U.S.C. §§ 2252(a)(1) or (a)(2). The Indictment serves as a demonstration of probable cause to believe that Betts committed the offense.

Counsel for the United States advised that the United States was not seeking detention

over concerns of failure to appear. But, rather, reiterated concern for community safety based on the facts and circumstances of Betts' criminal conduct.

In the instant case, several factors support detention and serve to override any factors submitted by the defendant to rebut the statutory presumption in favor of detention. First, as noted above, Betts is charged with several crimes that trigger the presumption against release. The nature and circumstances of the offenses charged are serious. Several of the charged offenses involve the online enticement of three minors and the attempted online enticement of a fourth minor. Two other charges involve the distribution and possession of child pornography.[2] The charges are, by definition under the Bail Reform Act, crimes of violence. *See* 18 U.S.C. § 3156(a)(4)(C). As noted, the crimes involved minor victims.

Second, the weight of the evidence against Betts – as it pertains to dangerousness -- is substantial. Betts met the minors through his position as a police officer with the Louisville Metro Police Department. More specifically, he was in a position of authority and control over several of the victims due to his role (and theirs) in the LMPD Explorers Program – a program designed to encourage and support pursuit of law enforcement careers by young people ages 14-21. Betts engaged in online communications with the minor victims for the purpose of inducing their involvement in unlawful sexual activity. The unlawful sexual acts ranged from direct sexual contact with the minors to the production of child pornography and the distribution of obscene material to the minors. Betts was persistent and graphic in his communications with the minors.

---

[2] The child pornography at issue in Counts 1 and 2 are images Betts obtained from one of the victims through the course of the online enticement. And, the person to whom Betts distributed the child pornography is one of the enticement victims.

6

The third factor for consideration concerns the history and characteristics of the person. This factor covers a wide range of issues including the person's character, family ties, employment, financial resources and criminal history.  Several of the topics set out in 3142(g)(3) weigh in Betts' favor, but not all.  As noted above, with regard to his character, Betts, engaged in the online enticement of the minors while simultaneously working a police officer.  Moreover, he had direct contact and supervisory responsibility for several of the minors due to the Explorers Program.  Simply put, even with strong family, financial and person ties to the community he was sworn to protect, Betts violated the public trust and preyed on multiple minors.

Finally, courts must consider the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  Even with the conditions pertaining to no internet access, third party custodian and location monitoring, the community remains at risk.  The Internet is ubiquitous.  While GPS monitoring is a remarkable took to determine where a person "is," it cannot advise supervising probation officers "what" the person is doing. In *United States v. Sanchez Quinones*, 2010 WL 11243294 at *1 (D PR Dec. 21, 2010), the Magistrate Judge also noted that, in addition to the presumption in favor of detention, further evidence supported a finding that the defendant posed risks to the community as the defendant's employment as a law enforcement officer at the time of the alleged offenses weighed towards a finding that he was dangerous.

The defendant's assertion that he poses no danger to the community because he has been compliant with his state court bond rings hollow.  Under the provisions of state law – which differ significantly from federal law -- the state court granted Betts a $15,000.00 bond.  *See* Exhibit A.  There are no conditions.  He has not been supervised by anyone.

It is important to note that the state charges involve two victims who are **not** covered by the charges in the federal Indictment. Both of the state court victims were minors at the time of the charge crimes (First Degree Sodomy – use of force; and Third Degree Sodomy – Betts in position of trust and authority).

Betts also requested a bond rather than detention due to his status as a former police officer, claiming that he will be at higher risk of harm than other pretrial detainees. There is no evidence in the record to support the notion that the United States Marshals Service cannot adequately address any safety concerns raised by Betts' prior employment. Betts will not be the first former member of law enforcement to be held in pretrial detention. In fact, the USMS assures that protocols are in place to address this specific situation.

Additionally, release of Betts based on the facts and circumstances of his crimes would be a marked departure from the practices of this district. Four of the seven crimes with which Betts is charged involve the online enticement of minors for sex or sexually explicit images of the minors. While it is true that not all defendants who face a presumption in favor of detention are detained, the judges in this District have never to this point, allowed the release of someone facing this charge **when he showed up** to meet the child for sex. Talk is one thing. In fact, Betts' talk is criminal. Action, however, is something altogether different and significantly more dangerous – particularly when undertaken by a person entrusted with the care and protection of the public.

The Crime Victims' Rights Act, 18 U.S.C. § 3771 accords victims of federal crimes certain affirmative rights. Among those rights are: (1) the right to reasonable, accurate, and timely notice of any public court proceeding; and (2) the right to be reasonably heard at any public proceeding in the district court involving release. *Id*. at (a)(2) and (a)(4). Counsel for

the United States expressed, on behalf of three of the victims, their requests concerning detention during the hearing held on November 7, 2018. The victims have been advised of the results of yesterday's hearing as well as the United States' request for a stay of execution of the release order and revocation of the Order. At least two of the victims would like to be heard by this Court in support of revoking the release Order.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that it has met its burden of persuasion to demonstrate that the statutory presumption in favor of detention applies in this case. Furthermore, deliberative evaluation of the factors to be considered when determining whether there are conditions of release that will reasonably assure the safety of any other person and the community weigh in favor of detention. Therefore, the United States respectfully requests entry of an Order revoking the order of release and directing the detention of Betts pending disposition of the criminal action against him in this jurisdiction.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

<u>Certificate of Service</u>

      I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on November 8, 2018.

                                              /s/ *Jo E. Lawless*
                                              Jo E. Lawless
                                              Assistant United States Attorney