UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:18-CR-176-DJH

KENNETH R. BETTS                                                                   DEFENDANT

<u>RESPONSE TO THE UNITED STATES' MOTION TO REVOKE RELEASE ORDER</u>
*ELECTRONICALLY FILED*

Comes the Defendant, by counsel Brian Butler, and in opposition to the United States' Motion to Revoke Release Order states as follows:

<u>Procedural Background</u>

On November 6, 2018, a Federal Grand Jury indicted Mr. Betts in connection with a joint federal and state investigation. Mr. Betts was aware of this upcoming indictment and United States Probation was notified prior to indictment by both parties so a detention hearing could be held promptly. Mr. Betts was told by the United States to surrender himself to United States' Marshals on November 7 at 10:00 a.m. He surrendered as directed.

On November 7, 2018, the United States Magistrate conducted a detention hearing. In said hearing, the United States conceded that Mr. Betts was not a flight risk. They further conceded that Mr. Betts rebutted the presumption with regard to the presumption that detention was necessary for the safety of any other person and the community pursuant to 18 U.S.C. 3142(g). They, however, argued that there was clear and convincing evidence supporting detention based upon their position that Mr. Betts was a continuing danger to the community. The United States Magistrate Judge correctly overruled the United States' Motion to Detain Mr.

Betts.

The United States Magistrate Judge specifically found that there are conditions that reasonably protect the public. The Magistrate Judge ordered home incarceration with no releases not specifically approved by United States Probation. He ordered location monitoring. He ordered no unsupervised visitation with any minors. He ordered computers and electronic devices removed from the home. He also swore Mr. Betts' mother in as a third party custodian and directed her to live in the home with Mr. Betts.

Mr. Betts was released on November 8, 2018. He is being supervised by United States Probation. On November 13th, the undersigned spoke with United States Probation Officer Joel Cotton who has been assigned to supervise Mr. Betts. Mr. Cotton advised that Mr. Betts is on home incarceration and not permitted to access the internet. Importantly, Officer Cotton advised that Mr. Betts is compliant with the conditions of his release.

Nonetheless, the United States has filed a Motion to Revoke Release Order. Mr. Betts, through counsel, respectfully requests the Court to maintain him on his current conditions of release.

<u>Argument</u>

18 U.S.C. § 3145(a) authorizes the United States to appeal the United States Magistrate Judge's release order. The United States has exercised its right to have this Court hear the detention issue.

The United States conceded in its brief that they were "not seeking detention over concerns of failure to appear." They also conceded in their motion that Mr. Betts had come forth with evidence to rebut the presumption of detention. Despite these concessions, the United States argues that there are no set of conditions, including the conditions that are currently

working, to protect the community. Pursuant to 18 U.S.C. § 3142(f), the United States has the burden to prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and community. 18 U.S.C. § 3142(g) delineates factors for the Court to consider.

A.   Nature and Circumstances of the Offense

The nature and circumstances of the charged offenses weigh in favor of release. Although some of Mr. Betts' charges trigger a presumption against release, the United States acknowledged during the detention hearing that the enticement allegations against Mr. Betts are at a minimum four (4) years old and much of the alleged conduct occurred well beyond four (4) years ago.

Of critical importance, the United States acknowledged that they seized all of Mr. Betts' computer and electronic devices in October 2016 and did not uncover any alleged enticement activity post-November 2014. Mr. Betts did not become aware of this investigation until late 2016. Despite exhaustively investigating Mr. Betts, including a complete forensic analysis of his computer(s) and communication devices, there was no evidence of any illegal enticement for approximately two (2) years before the initiation of this investigation and four (4) years or more since the federal indictment. In sum, the United States' investigation appears to be conclusive that any alleged illegal enticement activity stopped approximately two years *before* they started investigating.[1] It is difficult to envision any more compelling evidence that conditions can be put in place by the Court to protect the public when it is clear that all of this alleged conduct stopped well before the criminal investigation and subsequent initiation of charges.

---

[1] Per the United States, the child pornography count involves a very small number of images Mr. Betts allegedly obtained during the course of the online enticement; i.e. at least four (4) years or more prior to the United States' Indictment.

B.     The Weight of the Evidence

The weight of the evidence - as it pertains to dangerousness - also supports Mr. Betts release.  First, and foremost, any alleged illegal enticement activity stopped before the criminal investigation started.  The United States' motion references that Mr. Betts was in a position of authority when this activity allegedly occurred.  He is not and has not been in a position of authority with any type of supervisory role over young adults in approximately 4 ½ years.  To the extent that the United States argued that these allegations in connection with his former position as a police officer made him dangerous when he was a police officer, that concern was alleviated approximately 4 ½ years ago.

C.     The History and Characteristics of Kenneth Betts

As the United States stated in its motion, several factors under the history and characteristics category weigh in Mr. Betts favor.  Mr. Betts is a life long resident of the Louisville area.  His father is a retired Louisville Firefighter.  Both his parents continue to live in Louisville.  Mr. Betts also has a two year old daughter living in Louisville.  He is a devoted father.

Mr. Betts graduated from Pleasure Ridge Park High School.  He received a Bachelor's Degree from the University of Louisville in 2008.  In 2011, he earned a Master's Degree from University of Louisville. Mr. Betts lacks only completing his dissertation from receiving his Doctorate Degree from Spalding University.

Mr. Betts worked as a Louisville Police Officer until April 2014.  Since leaving the police department, he has been gainfully employed.  Upon his arrest, he was working as a compliance manager for a major corporation and working a second job supervising investigators in reference to utility damage claims.

At the time of the federal indictment, Mr. Betts was living alone at his residence.[2]  His two year old daughter visits every other weekend from Friday through Sunday.[3]

Mr. Betts has no criminal history.  He has no history of drug or alcohol abuse.

Mr. Betts was indicted in Jefferson Circuit Court in connection with this investigation on April 12, 2017.  Per their standard practice, Jefferson County prepared a Pretrial Services Report (PSR).  The PSR classified Mr. Betts as **"low risk"** and stated that he was not an elevated risk. *Exhibit 1*.  They recommended that the conditions of his bond require him not to violate the law and make all scheduled court dates.  *Exhibit 1*.  Accordingly, the state court set a $15,000.00 full cash bond.  Mr. Betts posted the bond and was released on April 12, 2017 with the conditions that he attend all court dates and not commit any criminal offenses.  *Exhibit 2*.  Since his release, he has attended all seven state court dates as directed.  Mr. Betts also dutifully surrendered to federal authorities as directed upon learning that he had been indicted by a Federal Grand Jury.  More importantly, Mr. Betts has not been accused of any additional offenses.  Mr. Betts has been released on bond for eighteen (18) months without even the slightest misstep.  It is not reasonable to conclude that he somehow became a substantial danger to the community after all this time because the United States chose to indict this month.

    D.    <u>The Nature and Seriousness of the danger to any person or the community.</u>

As previously stated, Mr. Betts alleged criminal conduct stopped well before the criminal investigation began.  Additionally, Mr. Betts has had access to the vast majority of the investigatory materials, including witness interviews, for months pursuant to state discovery

---

[2] Mr. Betts' mother currently resides with him as part of her duties as a third party custodian.

[3] The United States Magistrate Judge ordered supervised visitation with any minors as a condition of release.

rules. Through the state discovery process, he has had access to alleged victims' audio statements which include personal information. Simply put, he has had ample freedom and insight into this public investigation leading up to the federal charges. Nonetheless, the United States has made no allegations that Mr. Betts improperly contacted anyone and he certainly has not caused any harm to anyone while the state matter has been pending. What he has done for the two years since this investigation commenced is to help raise his two year old daughter and work two jobs to support himself and his daughter. Mr. Betts was not a danger to anyone during this time frame. He is not a danger to anyone today simply because at this point in time the United States decided to indict.

     Moreover, the United States Magistrate Judge implemented stringent conditions that would alleviate any remote concern. Because he was federally indicted, Mr. Betts is now supervised by United States Probation. He is on home incarceration with GPS location monitoring. His computers and electronic tablets, etc were ordered removed from the home and compliance was verified. Mr. Betts cannot access the internet. His mother moved in with him and agreed to be a third party custodian. Mr. Betts is not alleged to have committed an enticement crime for four (4) years without any of these strict measures in place. Given the aforementioned, it is simply not logical to believe there is clear and convincing evidence that the United States Magistrate Judge's release conditions do not reasonably assure the safety of any other person and the community.

WHEREFORE, the undersigned asks the Court to enter the attached Order denying the United States' Motion to Revoke Release Order.

Respectfully submitted,

/s/ Brian Butler

BRIAN BUTLER
Attorney at Law
600 West Main St., Suite 500
Louisville, Kentucky 40202
(502) 594-1802

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was electronically filed using the Court's electronic filing system on November 14, 2018 with service to counsel of record.

/s/ Brian Butler

BRIAN BUTLER
Attorney at Law
600 West Main St., Suite 500
Louisville, Kentucky 40202
(502) 594-1802