UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:18CR-176-DJH |
| KENNETH R. BETTS | DEFENDANT |

*Electronically filed*
**SENTENCING MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing in this action currently scheduled for May 10, 2019.

I. Factual Background

Law enforcement officials became aware of Betts' criminal conduct while investigating allegations of sexual misconduct by individuals involved with the Louisville Metro Police Department (LMPD) Explorers Program. Betts first participated in the Explorers Program as an "Explorer" (young person interested in pursuing a career in law enforcement). During the timeframe of the Indictment, Betts worked as an officer with LMPD and served as an Explorers' counselor/mentor. In his capacity as a counselor/mentor with the program, he met John Doe 1, John Doe 2, Jane Doe 1, and John Doe 3.

John Doe 1 (Counts 1, 2 and 3)

Between February 2006 and February 2008, Betts used a facility and means of interstate commerce, that is the Internet, to communicate with John Doe 1. John Doe 1 was under the age of 18. Betts communicated with John Doe 1 *via* Facebook and other social media. During those communications, Betts persuaded, induced, and enticed John Doe 1 to engage in sexual activity.

The sexual activity included convincing John Doe 1 to take pictures of himself while nude – and to send the full-frontal nude pictures (constituting child pornography), to Betts.

On or about May 14, 2014, Betts knowingly distributed child pornography. He sent two of the images referenced above back to John Doe 1. Betts transmitted the images to John Doe 1 using Facebook.

Law enforcement officials executed a state search warrant on Betts' residence on October 13, 2016. Among other things, they seized digital devices – including an external hard drive. Forensic examination of the digital devices revealed Betts' possession of four of the images he originally requested and received from John Doe 1.

<u>John Doe 2</u> (Counts 4 and 5)

Between May 2010 and May 2014, Betts used the Internet, to communicate with an individual (John Doe 2), who had not attained the age of eighteen years. The two met and became acquainted through the LMPD Explorers Program. Betts communicated with John Doe 2 *via* Facebook and other social media platforms. During those communications, Betts knowingly persuaded, induced, and enticed John Doe 2 to engage in sexual activity. The sexual activities included an in-person sexual encounter involving oral sex between Betts and John Doe 2 and repeated requests for the production of child pornography to be shared with Betts.

From May 2010 through May 2012, Betts used a facility and means of interstate commerce to send pictures of his naked penis to John Doe 2. During that time period, Betts knew John Doe 2 had not attained the age of 16.

<u>Jane Doe 1</u> (Count 6)

Between June and July 2013, Betts used a cellular telephone and its text messaging feature, to communicate with Jane Doe 1. At that point in time, Jane Doe 1 was 16. The two

met and became acquainted through the LMPD Explorers Program. During the communications, Betts asked Jane Doe 1 to meet for sexual activity. He also asked Jane Doe 1 for sexually explicit photos, which Jane Doe 1 provided to him. The photos Jane Doe 1 provided constituted child pornography under Kentucky law. Law enforcement officials with LMPD observed the images as well as the receipt of those images by Betts. However, the images were destroyed during an earlier investigation.

<u>John Doe 3</u> (Count 7)

Between September 2014 and November 2014, Betts used a cellular telephone and online social media applications Facebook and SnapChat, to communicate with John Doe 3. At that point in time, John Doe 3 was 17. Betts and John Doe 3 had met and become acquainted through the LMPD Explorers Program. During the communications, Betts asked John Doe 3 to meet for sexual activity. He also asked John Doe 3 for sexually explicit photos. He attempted to persuade, induce, entice, or coerce John Doe 3 to engage in unlawful sexual activity. Betts sent John Doe 3 a photograph of himself wearing an LMPD uniform and in the company of a young woman during some of the communications encouraging a three-way. However, John Doe 3 refused to meet Betts for sexual activity or to send the requested sexually explicit images of himself.

II. Crimes of Conviction

Betts pled guilty to a seven-count Indictment. The Indictment charged him with enticement, attempted enticement, possession and transportation of child pornography, in violation of 18 U.S.C. §§ 1470, 2422(b), 2252A(a)(5)(B) and 2252A(a)(2)(A). He pled guilty to the charges *via* a Fed. R. Crim. P. 11(c)(1)(C) written Plea Agreement.

### III. Sentencing Guidelines calculations

Even in the post-*Booker* sentencing era, the Sixth Circuit Court of Appeals has reiterated the continued importance of the United States Sentencing Guidelines in the federal sentencing process. *See United States v. Anderson*, 526 F.3d 319 (6th Cir. 2008). The *Anderson* court further noted that such a focus on the Guidelines "is consistent with the Court's other recent sentencing precedent" and went on to reference the decisions in *United States v. Booker*, 543 U.S. 220, 245-46, (2005), *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007), and *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007), to include the opinions' respective references to the role of the Guidelines. *Id*.

More recently, the court noted it "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Turner*, 2018 WL 6264062 at *5 (6th Cir. Nov. 28, 2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). And, in *United States v. Shalash*, 2018 WL 6721217 at *3 (6th Cir. Dec. 20, 2018) (quoting *United States v. Tanner*, 837 F.3d 596, 601 (6th Cir. 2016), the court noted that, "[f]ailure to calculate the Guidelines range correctly generally results in plain error."

The United States has no objection to the Guideline calculations set out in the presentence investigation report (PSR).

### IV. Criminal History

The United States concurs with the criminal history calculation as set out in the PSR.

V.  Statutory Factors

### A.  Minimum and maximum penalties

The mandatory minimum term of imprisonment required for the charge in Counts 1 is five years.  The mandatory minimum term of imprisonment required for the charges in Counts 3, 4, 6, and 7 is 10 years.  The other charges do not carry mandatory minimum sentences.  The combined maximum potential term of imprisonment is life.  The combined maximum potential fine is $1,750,000.00.  And, the applicable term of Supervised Release is not less than five years and could be any number of years up to and including life.  There is a mandatory $5,000.00 special assessment for Count 2, if the Court determines that the defendant is not indigent.

### B.  18 U.S.C. § 3553(a) factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence.  That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

5

>    . . .
>
>    (5) any pertinent policy statement--
>
>    . . .
>
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Betts stands convicted of serious offenses involving the sexual exploitation of children. He met the minors through his position as a police officer with the Louisville Metro Police Department. More specifically, he was in a position of authority and control over several of the victims due to his role (and theirs) in the LMPD Explorers Program – a program designed to encourage and support pursuit of law enforcement careers by young people ages 14-21. Betts engaged in online communications with the minor victims for the purpose of inducing their involvement in unlawful sexual activity ranging from direct sexual contact with the minors to the production of child pornography and the distribution of obscene material to the minors. Betts was persistent and graphic in his communications. His recurring behavior with the four minors demonstrates the significance of his sexual interest in children.

The Court must also consider the history and characteristics of the defendant. Betts has no criminal record. He is well educated, has family support. and an impressive work history. Yet, he engaged in extremely risky, destructive behavior over the course of several years.

A sentence of 15 years in prison followed by a life term of Supervised Release reflects the seriousness of the offense, promotes respect for the law and provides just punishment. It serves as a deterrent to both Betts and others who may contemplate similar conduct. The combined sentence of imprisonment and lengthy post-release term of supervision will protect the

public from further crimes of the defendant. It also provides a meaningful period of time for sex offender treatment and other forms of treatment/training to meet Betts' specific needs. A sentence of 15 years' imprisonment also does not run afoul of the need to avoid sentencing disparities, in light of individualized sentencing.

The United States received a victim impact statement and request for restitution from John Doe 1. No other requests for restitution were received and, in fact, counsel for two of the victims declined, on behalf of his clients, to pursue restitution. The parties will tender a proposed Agreed Order of Restitution to the Court for John Doe 1 before the Sentencing Hearing.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests the Court to impose a sentence of 15 years' imprisonment, followed by a life term of Supervised Release.

    Respectfully submitted,

    RUSSELL M. COLEMAN
    United States Attorney

    /s/ *Jo E. Lawless*
    Jo E. Lawless
    Assistant United States Attorney
    717 West Broadway
    Louisville, Kentucky 40202
    (502) 625-7065
    Fax (502) 582-5097

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on May 4, 2019.

                        /s/ *Jo E. Lawless*
                        Jo E. Lawless
                        Assistant United States Attorney