UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                                  Criminal Action No. 3:18-cr-176-DJH

KENNETH R. BETTS,                                                                         Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A sentencing hearing was held in this matter on May 23, 2019, with the following counsel participating:

    For the United States:    Jo Lawless

    For Defendant:    Brian Butler

The defendant was present. The Court informed the parties that, pursuant to Rule 11(c)(5)(A), it was rejecting the plea agreement. Pursuant to Rule 11(c)(5)(B) and (C), the Court advised the defendant personally that the Court is not required to follow the plea agreement, that the defendant will have an opportunity to withdraw his guilty plea, and that if the guilty is not withdrawn the Court will dispose of the case less favorably toward the defendant than is contemplated in the plea agreement. The parties requested substantial additional time to confer on a potential resolution to the case. Based on the discussion during the hearing, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** as follows:

    (1)    The sentencing hearing in this matter is **CONTINUED** to **August 14, 2019, at 10:00 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. The parties **SHALL**

inform the Court on or before **August 5, 2019**, whether they intend to submit another plea agreement or if the defendant will instead withdraw his guilty plea and proceed to trial.

(2) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), and without objection, the Court finds that **the period of delay from May 23, 2019 to August 14, 2019 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by granting the motion for continuance outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

May 23, 2019

**David J. Hale, Judge**
**United States District Court**

Court Time: 00/15
Court Reporter: Dena Legg