UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:18-cr-176-DJH |
| KENNETH R. BETTS, | Defendant. |

\* \* \* \* \*

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court will deny the defendant's motion for compassionate release.

**I.**

Defendant Kenneth R. Betts has filed a motion for compassionate release. (Docket No. 64) Betts also requests that the Court appoint him counsel. (*Id.*) The government opposes Betts's motion. (D.N. 66) As grounds for release, Betts points to his increased vulnerability to COVID-19 complications due to his compromised immune system. (D.N. 64-1, PageID # 308) The government maintains that Betts has not shown extraordinary and compelling reasons for release and that the § 3553(a) factors weigh against it. (D.N. 66, PageID # 327–31) The government conceded that Betts has exhausted his administrative remedies as required by § 3582(c)(1)(A). (*Id.*, PageID # 326–27)

**II.**

**A.     Appointment of Counsel**

There is no general constitutional right to appointed counsel in post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18

1

U.S.C. § 3582(c). *See United States v. Prater*, No. 7:15-11-DCR-3, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020). "Instead, the decision to appoint counsel lies within the Court's discretion and doing so is required only when the interests of justice or due process so require." *United States v. Dukes*, No. CR 2:10-078-DCR, 2020 WL 7212567, at *2 (E.D. Ky. Dec. 7, 2020) (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)). Here, the Court finds that the issues involved in Betts's compassionate release motion are not complex or beyond the capability of a *pro se* litigant. *See id.* ("[T]he issues raised in motions for compassionate release typically are based on facts known to the defendant and can be resolved based on the record alone."); *United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020) ("[D]efendant's use of a template motion served him well in presenting the legal and factual arguments for release, even if his claim ultimately fails on the merits."). The Court will therefore decline to appoint Betts counsel for his present motion.

**B.        Compassionate Release**

A court considering a compassionate-release motion must first determine "whether 'extraordinary and compelling circumstances warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). Second, the court must "'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Id*. at 1108 (quoting § 3582(c)(1)(A)). Third, the court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*. (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see* § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define

'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

Betts bases his motion for compassionate release on the COVID-19 outbreak at FCI Loretto and a previous cancer diagnosis, which he claims compromised his immune system and increases his risk of complications from COVID-19. (D.N. 64-1, PageID # 308; *see* D.N. 32, PageID # 152 (noting that Betts was diagnosed with cancer in 2013 and "is in remission").[1] In his reply, Betts also argues that "he has demonstrated he has been rehabilitated during the time he's served." (D.N. 67, PageID # 386) Although he does not mention it in his motion, Betts's medical records show that he contracted COVID-19 in prison and received treatment for his symptoms. (*See* D.N. 66-1, PageID # 332–33) Betts's BOP paperwork now lists him as recovered from COVID-19. (*See* D.N. 67-1, PageID # 392)

Even assuming Betts's circumstances qualify as extraordinary and compelling, the § 3553(a) factors militate against his early release. *See United States v. Kimball*, 988 F.3d 945, 947 (6th Cir. 2021) (citing *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020)) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."); *see also Jones*, 980 F.3d at 1102 (affirming denial of compassionate release based solely on consideration of the § 3553(a) factors).

---

[1] Notably, Betts reported in his presentence investigation report "that he does not have any current medical concerns and is not taking any medication." (D.N. 32, PageID # 152)

3

Section 3553(a) requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant . . . [and] the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C § 3553(a)(1) and (2). Betts's offenses are extremely serious: he pleaded guilty to three counts of knowingly enticing a minor to engage in sexual activity, one count of attempting to do so, distributing and possessing child pornography, and transferring obscene material to a minor. (*See* D.N. 1; D.N. 25) Betts was a Louisville Metro police officer at the time of his offenses and met several of his victims through his involvement with the police department's Explorer Scouts, a program for young people interested in careers in law enforcement. (D.N. 32, PageID # 145–47) Betts received a 192-month sentence. (D.N. 59) Releasing Betts more than 134 months early would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment."[2] 18 U.S.C. § 3553(a)(2)(A). In fact, a release under these circumstances would undermine the stated purposes of 18 U.S.C. § 3553(a).

Additionally, Betts communicated with his victims through text messaging and over the internet, and did so while in a position of authority. (*See* D.N. 32, PageID # 145–47) The Court therefore cannot conclude that releasing Betts early would "afford adequate deterrence" or "protect the public from further crimes." 18 U.S.C. § 3553(a)(2)(B) and (C).[3] In sum, the § 3553(a) factors

---

[2] The Court bases this calculation on Betts's projected release date of June 30, 2032. *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/.

[3] In his reply, Betts highlights his various rehabilitative endeavors, including "work[ing] in the prison's education department as a library clerk," "volunteer[ing] for additional duties" during the pandemic, and "tak[ing] a significant number of courses and programs." (D.N. 67, PageID # 386–87) While the Court recognizes these efforts, they do not mitigate the Court's concern for public safety or warrant early release.

4

do not warrant a reduction in Betts's sentence. *See Jones*, 980 F.3d at 1108 (citing *Dillon*, 560 U.S. at 827).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1) After careful consideration of the merits of the motion for compassionate release (D.N. 64), it is **DENIED**.

April 7, 2021

David J. Hale, Judge
United States District Court